# Harkness *v.* Swissvale Borough, Appellant.

*Evidence—Negligence—Hospital records—Motion for continuance—Discretion of court.*

1. In an action to recover damages for personal injuries, the record of a hospital showing the history of plaintiff's decedent, who was admitted to the hospital two months after she had sustained an injury for which suit was brought, was held not admissible as an independent piece of evidence.

2. In such a case the refusal of a continuance of the case until the physician who could testify to the facts of the record could be produced was held to lie within the court's sound discretion.

Argued October 29, 1912. Appeal, No. 145, Oct. T., 1912, by defendant, from judgment of C. P. Allegheny Co., Aug. T., 1909, No. 155, on verdict for plaintiff in case of Elizabeth R. Harkness, use of Carl D. Smith, Executor, v. Borough of Swissvale. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before COHEN, J.

From the record it appeared that a witness, the superintendent of a hospital, identified the record of the hospital showing the history of the case of the deceased while she was in the hospital, about two months after she had sustained the injuries for which the action was brought. The superintendent identified the record as being in the handwriting of a physician and a nurse attached to the hospital, but stated that he had no personal knowledge as to the information recorded in the record. The record was offered in evidence by defendant; objection was made, and sustained by the court, to which the defendant excepted.

Following the rejection of the record counsel for defendant made a motion for a continuance until such time as he could produce the physician who could testi-

fy as to the facts stated in the record. The court refused the motion, saying, "It was quite possible to take the depositions of Dr. Gaub and Dr. Linebaugh." The record was excluded and the motion to continue the case was refused. Defendant excepted.

Verdict for plaintiff for $3,500 and judgment thereon. Defendant appealed.

*Errors assigned* were the action of the court in excluding the record as above stated and overruling the motion for a continuance.

*Samuel J. McKim,* for appellant.—The record should have been admitted: Lake Shore & Michigan Southern Ry. Co. v. Rosenzweig, 113 Pa. 519; North Bank v. John Abbot, 30 Mass. 465; Donovan v. Boston and Maine R. R. Co., 158 Mass. 450 (33 N. E. Repr. 583); Townsend v. Pepperell, 99 Mass. 40; Hay v. Kramer, 2 W. & S. 137; Garabrant v. Wood, 4 Pa. Superior Ct. 391.

*Meredith R. Marshall,* with him *Rody P. Marshall* and *Carl D. Smith,* for appellee.—The record was properly excluded: Carlton v. Carey, 83 Minn. 232 (86 N. W. Repr. 85); Com. v. Berney, 28 Pa. Superior Ct. 61; Doe v. Turford, 3 B. & Ad. 890; Nicholls v. Webb, 21 U. S. 326; Farmer's Bank v. Whitehill, 16 S. & R. 89; Chaffee v. United States, 85 U. S. 516; Thomas v. Price, 30 Md. 483; Johnson v. State, 59 Ala. 37; Cook v. U. S., 138 U. S. 157 (11 Sup. Ct. Repr. 268); Nicholls v. Webb, 21 U. S. 326; Wilbur v. Selden, 6 Cowen 162; Welsh v. Barrett, 15 Mass. 380; Swan v. Thurman, 112 Mich. 416 (70 N. W. Repr. 1023); Miller v. Miller, 187 Pa. 572; Conn. Mut. Life Ins. Co. v. Schwenk, 94 U. S. 593; Penna. Co. v. McCaffrey, 173 Ill. 169 (50 N. E. Repr. 713); Kerr v. Ry. Co., 57 N. Y. Supp. 794; Vicksburg v. O'Brien, 119 U. S. 99 (7 Sup. Ct. Repr. 118); Tingley v. Land Co., 9 Wash. 34 (36 Pac. Repr. 1098).

The motion for continuance was within the discretion of the court: DeGrote v. DeGrote, 175 Pa. 50; Com. v. Buccieri, 153 Pa. 535; Com. v. Hazlett, 16 Pa. Superior Ct. 534; Butler v. Estrella Raisin Vineyard Co., 124 Cal. 239 (56 Pac. Repr. 1040).

PER CURIAM, January 6, 1913:

The first assignment of error complains of the court's refusal to admit in evidence a history of the case of the deceased as recorded in the Allegheny County Hospital on the day she was admitted to that institution, which was more than two months after she had sustained the injuries for which the jury held the Borough of Swissvale accountable.   It was a mere memorandum of the case of the deceased made by Dr. Linebaugh from information which she may have given to him, and it was in no sense a piece of independent evidence to be used against the plaintiff.   If Dr. Linebaugh had been in court and called as a witness, the only use he could have made of it would have been to refresh his memory as to the facts recorded by him, and, as he could have been produced as a witness or his deposition taken, the court would have erred if it had allowed the offer.   The refusal of a continuance of a cause is a matter within the sound discretion of the trial judge and is reviewable only in case of gross abuse.   There was no such abuse in refusing to continue this case for the reasons set forth in the second assignment of error.   On the contrary, if the court had continued the trial of the cause, the appellee might justly have complained.   Both assignments are overruled and the judgment is affirmed.